UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:21-CV-00092-BJB-LLK

ROSE W. LAWRENCE            PLAINTIFF

v.

PADUCAH CENTER FOR HEALTH
AND REHABILITATION LLC, *et al.*            DEFENDANTS

**OPINION AND ORDER**

Judge Benjamin Beaton referred this matter to U.S. Magistrate Judge Lanny King for hearing and determining all pretrial matters, including non-dispositive motions. [DN 6].

On December 29, 2021, Defendant Paducah Center for Health and Rehabilitation LLC d/b/a Stonecreek Health and Rehabilitation, ("Defendant"), filed their Motion for Protective Order Allowing *Ex Parte* Communications with Treating Health Care Providers. [DN 19]. On January 19, 2022, Plaintiff filed their response. [DN 25]. On February 2, 2022, Defendant filed their reply. [DN 29]. The motion is now fully briefed and ripe for adjudication. For the reasons set forth herein, the Plaintiff's Motion, [DN 19], is **GRANTED.**

**Introduction**

This is a nursing home medical malpractice action arising from Joe Lawrence's death, which followed his residency at the Stonecreek Health and Rehabilitation facility. [DN 19 at 1, 25 at 1]. Defendant requests a qualified protective order permitting *ex parte* communications with all of Joe Lawrence's treating physicians. [DN 19].

Defendant argues that they ought to have *ex parte* contacts with Plaintiff's witnesses because "absent an order granting Defendant equal access, Plaintiff will maintain this unfair advantage of informally communicating with the key witnesses." [DN 19 at 2]. Plaintiff argues

1

that Defendant's order, which asks for *ex parte* communications with all of Joe Lawrence's treating physicians is too broad, and that the proposed order does not clearly inform the providers of their rights.

## Discussion

The issue here is whether the Defendant's motion for *ex parte* communications is overbroad. Precedent shows that it is not. This District has twice held that a critical distinction in determining whether to grant a Motion for Protective Order Allowing *Ex Parte* Communications with Treating Health Care Providers is whether the physicians to be questioned are serving as fact witnesses, or as expert witnesses. *See Davidson v. City of Elizabethtown*, No. 3:16-CV-429-CRS, 2017 WL 4875278, at *2 (W.D. Ky. Oct. 27, 2017); *Colston v. Regency Nursing, LLC.*, No 3:16-CV-50-GNS, 2017 WL 9285423, at *2 (W.D. Ky. Oct. 24, 2017)(both cases holding that "litigants have historically been permitted to conduct *ex parte* interviews with fact witnesses …" in order to "investigate facts and curtail litigation costs[.]").

The contents of *ex parte* interviews with treating physician fact witnesses are nonetheless subject to Federal limitations. The Health Insurance Portability and Accountability Act, ("HIPAA"), privacy rule creates a federal floor of privacy protections for individuals' health information. Specifically, "HIPAA preempts state-law privacy protections absent a state law that is more stringent than HIPAA[.]" *Davidson v. City of Elizabethtown*, 2017 WL 4875278, at *3 (W.D. Ky. Oct. 27, 2017); *See also* 45 C.F.R. § 160.203. Kentucky has no applicable law, so HIPAA guides the analysis in this matter.[1]

---

[1] Defendant argues that no privilege would prohibit *ex parte* conversations with treating physicians. [DN 19 at 4-6; 9-10]. This issue need not be reached where HIPAA is more, rather than less stringent than Kentucky's privilege protections.

2

Here, the Defendant correctly asserts that "*Ex Parte* Communications between Defendants and Mr. Lawrence's medical providers are not prohibited under HIPAA or Kentucky Law." [DN 19 at 6]. Specifically, HIPAA regulates the protected information that may be disclosed by treating physicians. The regulation permits disclosure "[i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order." 45 C.F.R. § 164.512(e)(1)(i). The statute further dictates that "the covered entity discloses only the protected health information expressly authorized by such order." 45 C.F.R. § 164.512(e)(1). These rules are collectively referred to as the "litigation exception" to HIPAA protection. *See Davidson*, at *3. Thus, unless expressly authorized, protected health information shall not be shared.

HIPAA outlines the same two-pronged test established by the relevant case law. First, a trial court must authorize the disclosure of health information during a judicial proceeding. *Davidson,* at *3; 45 C.F.R. § 164.512. Next, the court must limit the scope of the information obtainable by the movant to only that information which is relevant to the claims and defenses asserted by the parties in the pending action. *Id.* As a result, this court could be persuaded to allow the Defendant to interview treating-physician-fact-witnesses *ex parte*, assuming that the Defendant's proposed order is not overbroad.

First, the Defendant cites *Caldwell v. Chauvin*, 464 S.W.3d 139 (Ky. 2015), a Kentucky Supreme Court case, in support of its contention that *ex parte* communications with treating physicians have been granted in the past. [DB 19 at 3]. Defendant's argument is partially true. While the Court in did *Caldwell* allow *ex parte* communications with a patient's treating physician, it only did so after distinguishing the physicians' role as *fact* witnesses as opposed to *expert* witnesses. *Id.* at 154 (holding that "there is a death of Kentucky law dealing with litigants' ability

to confer *ex parte* nonparty *fact witnesses*."). This holding limits the type of party that a litigant may interview *ex parte* when developing a factual basis for his case.

Next, Kentucky precedent is clear in establishing that there exists no physician-client privilege. *Caldwell*, 464 S.W.3d 139 (Ky. 2015); Kentucky Rules of Evidence, Article V., Privileges §§ 501, et seq. (listing (1) attorney-client privilege, (2) husband-wife privilege, (3) religious privilege, (4) counselor-client privilege, (5) psychotherapist-patient privilege, and (6) identity of informer privilege as the only six privileges recognized in Kentucky); *Williams v. Vulcan-Hart Corp.*, 136 F.R.D. 457, 460 (W.D. Ky. 1991)(holding "it has consistently been the expressed policy of the Kentucky Supreme Court to decline to recognize a privilege where it has not been expressed in the general laws of evidence existing in the state of in legislative enactment, except in the most compelling situations."). This further supports the Defendant's argument that it should be granted access to the Plaintiff's treating physician fact witnesses.

Third, as discussed above, this Court has already defined the relevant test when determining if, and to what extent a defendant may contact a plaintiff's treating physician fact witnesses. Specifically, a trial court must authorize the disclosure of health information during a judicial proceeding, then the court must limit the scope of the information obtainable by the movant to only that information which is relevant to the claims and defenses asserted by the parties in the pending action. *Davidson,* at *3.

Based on the foregoing, the Court is inclined to allow the Defendant to interview the treating-physician fact witnesses to the extent that they are (1) willing to meet with the Defendant, and (2) the information disclosed does not otherwise violate the Plaintiff's HIPPA rights. *See Weiss v. Astellas Pharma, US, Inc., et al.*, 2007 WL 2137782, at *4 (E.D. Ky. July 23, 2007). The Court will therefore grant the Defendant's Motion and enter the qualified protective order set forth below. !

**ORDER**

IT IS HEREBY ORDERED that Defendant's motion for Protective Order Allowing Ex Parte Communications with Treating Health Care Providers is GRANTED regarding such aspects of Plaintiff's medical conditions, care, and treatment as are relevant or related to any claims or defenses asserted in this action. By entry of the instant Qualified Protective Order Lawrence's healthcare providers are authorized, but not required, to disclose to defense counsel, verbally and in writing, in the course of informal, private, *ex parte* interviews or communications, any and all of Lawrence's protected health information that is relevant or related to the claims or defenses asserted in this action.

IT IS FURTHER ORDERED as follows:

1. Lawrence's protected health information owned, maintained, or otherwise in the custody of Lawrence's healthcare providers that relates to the claims or defenses asserted in this action is DISCOVERABLE.

2. Pursuant to 45 C.F.R. 164.512€(1)(i) and applicable federal and Kentucky law, this Court issues the instant Qualified Protective Order AUTHORIZING, but NOT REQUIRING Lawrence's healthcare providers to disclose her protected healthcare information in the course of this judicial proceeding. Such disclosure may be made through informal, private, *ex parte* communications with defense counsel. No personal representative of Lawrence's estate or legal counsel for Lawrence's estate need be present for or participate in those communications.

3. Lawrence's healthcare providers are AUTHORIZED to meet with and/or communicate with defense counsel their agents without first obtaining an authorization signed by

    Lawrence's personal representative and without first providing notice to Lawrence's personal representative or counsel.

4. The parties shall mark as "CONFIDENTIAL" all records and other information provided to them by Lawrence's healthcare providers and shall store all such records and information in a secure location.

5. The parties shall not use or disclose the records and other information provided to them by Lawrence's healthcare providers for any purpose unrelated to the instant litigation.

6. The parties to this action MAY negotiate additional terms to the instant Qualified Protective Order.

April 12, 2022

**Lanny King, Magistrate Judge**
**United States District Court**

c:    Counsel of Record