UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:21-cv-00092-BJB-LLK

**ROSE W. LAWRENCE,**   **PLAINTIFF**

v.

**PADUCAH CENTER FOR HEALTH**   **DEFENDANTS**
**AND REHABILITATION LLC and**
**CLEARVIEW HEALTHCARE**
**MANAGEMENT KY LLC,**

## MEMORANDUM OPINION AND ORDER

Before the Court are two issues: whether a protective order is warranted before Defendants Paducah Center for Health and Rehabilitation LLC ("Stonecreek") and Clearview Healthcare Management KY LLC ("Clearview") (collectively: "Defendants") comply with the Court's Order to produce discovery, and whether Defendants' delay in production requires sanctions under Federal Rule of Civil Procedure 37. While both are close calls, and the Court is wary of encouraging manufactured confusion to avoid discovery responsibilities, the Motion for Protective Order shall be **GRANTED**, and sanctions under Federal Rule of Civil Procedure shall not be imposed at this time.

Procedural History

A more complete account of this case's procedural history can be found in the Court's Memorandum Opinion and Order of November 18, 2023, [DN 78], Order for Additional Briefing, [DN 87], and Order to Show Cause, [DN 92]. An abbreviated history of the case follows.

Plaintiff submitted, in the course of discovery, a set of Requests for Production ("RFP") which demanded the Defendants' Tax Returns, Audited or Unaudited Financial Reports, and

Profit and Loss Statements. Order to Show Cause, [DN 92] at 1-2. Defendants objected, and Plaintiff moved to compel production. After motions practice the Court ordered production of "the Nursing home financial reports/budgets from residency/tax returns. [RFP 60-62, 64-66]." Order to Show Cause, [DN 92] at 2. Defendants provided Tax Returns for Stonecreek, but not Clearview. *Id.* Nor did the supplemented production include Audited or Unaudited Financial Reports or Defendants' Profit and Loss Statements. *Id.*

This series of motions followed. Plaintiff again moved to compel production of the documents ordered by the Court. [DN 73]. Defendants alleged the Court's Order did not require production of Clearview's tax returns. [DN 77]. Defendants filed objections to, and then withdrew objections for, the Court's renewed Order to produce Clearview's tax returns. [DN 81, 91]. Plaintiff moved to show cause why Defendants' failure to produce should not be subject to sanctions. [DN 80]. Defendants again argued that the documents requested were unclear and that neither the Plaintiff nor the Court were specific enough to give rise to sanctions. [DN 93] And Defendants requested a protective order before turning over its audited and unaudited financial statements. *Id.*

**Motion for Protective Order**

Legal Standard

Rule 26 of the Federal Rules of Civil Procedure affords the Court with broad discretion to grant or deny protective orders. *Parker & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). This Court, however, has increasingly scrutinized motions for protective order that do not make the necessary showing of good cause required by the Rules of Civil Procedure and case authority. See *Global Hemp, Inc. v. Industrial Hemp Solutions, LLC*, NO. 5:20-cv-00012-TBR-LLK, 2020 WL 12846562, at 1-2 (W.D. Ky. October 6, 2020) (collecting cases)

Under Federal Rule of Civil Procedure 26(c)(1)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way...." Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought...." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).

In the context of trade secrets and confidential information, courts have looked as six different factors to determine whether there is a need to protect that information:

> (1) the extent to which the information is known outside of [the] business;
>
> (2) the extent to which it is known by employees and others involved in [the] business;
>
> (3) the extent of measures taken ... to guard the secrecy of the information;
>
> (4) the value of the information to [the business] to [its] competitors;
>
> (5) the amount of effort or money expended ... in developing the information; and
>
> (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Williams v. Baptist Healthcare Sys.*, No. 3:16-CV-00236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018) (citing Nash-Finch Co. and Super Food Servs., Inc. v. Casey's Foods, Inc., 2016 WL 737903, at *2 (E.D. Ky. Feb. 23, 2016))

"The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. May 24, 2011) Because entry of a protective order is contrary to the basic policy in favor of broad discovery, the party that seeks a protective order

has a heavy burden to show substantial justification for withholding information from the public. See *Williams*, 2018 WL 989546, at *2.

Analysis

Defendants have moved for a protective order, and thus have the burden of showing that such an order is warranted. Defendants seek to mark their audited and unaudited financial statements and their profit and loss statements as confidential. Defendants' Motion for Protective Order, [DN 94] at 3-4. Defendants allege both classes of documents (1) are not known outside of the businesses of Defendants; (2) are only known within the business to a limited number of executives; (3) have been subject to reasonable measures to guard the secrecy thereof; (4) have substantial value; (5) are subject to significant effort and money to develop and maintain; and (6) would be difficult to be acquired and duplicated by others. *Id.*

Plaintiff raises several issues with the procedure followed and justification provided by Defendants in seeking a protective order. Plaintiff's Response to Defendants' Motion for Protective Order, [DN 95]. Plaintiff points out that Defendants have filed their Motion without first certifying that they conferred in good faith to resolve the dispute without the Court's intervention as required by FRCP 26(c). *Id.* at 2. Defendants' assertion that they believed Plaintiff would not agree to a protective order does not absolve them of this requirement, and conducting the required meet and confer several days *after* filing a motion for protective order does not cure the deficiency absent good cause. *See* Defendants' Reply, [DN 97] at 1-2; Exhibit 1 [DN 97-1] (describing attempts to confer on April 17, 2024, when Motion was filed on April 12, 2024, and Response was filed on April 16, 2024).  While Defendants have provided bare assertions arguing that good cause exists for issuing a protective order, they make no such attempt at justifying their failure to follow the required procedure. *See* Defendants' Reply, [DN

4

97] at 2 ("Moreover, Defendants have shown good cause *for entry of a protective order*.") (emphasis added). Plaintiff also points out that Defendants have moved for a protective order significantly after first learning what documents were sought. Plaintiff's Response, [DN 95] at 3-4. This is yet another example of Defendants raising objections piecemeal-prolonging discovery and unnecessarily expending judicial resources.

Despite Defendants' behavior, the documents at issue are substantially similar to other documents already subject to a protective order in this matter. *See* Memorandum Opinion and Order, [DN 78]. Accordingly, the Court will extend the same limited protections to Defendants' Audited and Unaudited Financial Reports and Profit and Loss Statements so that discovery may progress and the matter can be resolved in a timely fashion.

**Sanctions Under Federal Rule of Civil Procedure 37**

Legal Standard

Federal Rule of Civil Procedure 37 permits imposition of sanctions where a party or a party's agents fail to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). "A Magistrate Judge has discretion to impose the sanctions they deem appropriate pursuant to Fed. R. Civ. P. 37." *Garrison v. Sam's East, Inc.*, No. 1:16-cv-00152-GNS-HBB, 2018 WL 4355824 at *4 (W.D. Ky Sept. 12, 2018); *see also Brown v. Wal-Mart Stores, Inc.*, 507 Fed. App'x. 543, 549 (6th Cir. 2012) (upholding magistrate judge's assessment of sanctions under FRCP 37). It is the sanction imposed or selected by the magistrate judge, not the sanction requested, that governs whether a Rule 37 motion is dispositive or non-dispositive. *New London Tobacco Market, Inc. v. Kentucky Fuel Corp.*, 2022 WL 1301772, at *1 (E.D. Ky. 2022) (citing *Builders Insulation of Tennessee, LLC v. S. Energy Sols.*, No. 17-CV-2668-TLP-TMP, 2020 WL 265297, at *5 (W.D. Tenn. Jan. 17, 2020)). Rule 37 Sanctions must be applied diligently both to

penalize those whose conduct warrants it, and to deter those who might be tempted to such conduct. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980).

Any sanction levied under FRCP 37(b)(2) must be "just" and must be specifically related to the claim that was at issue in the order that was disobeyed. *New London Tobacco Market, Inc. v. Kentucky Fuel Corporation*, 2022 WL 1301772, at *1 (E.D. Ky. 2022) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). Rule 37 sanctions do not require a showing of bad faith, but monetary sanctions are limited to expenses caused by the failure to comply with discovery orders. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 n.13 (6th Cir. 2002).

When assessing sanctions under FRCP 37(b), the first question is whether a Court Order has been disobeyed. A party refuses to obey an order "simply by failing to comply with an order." *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208 (1958). The non-compliant party's reasons, "willfulness or good faith . . . can hardly affect the fact of noncompliance and are relevant only to the path which the District Court might follow" when dealing with the failure to obey an order. *Id.* However, without willfulness, fault, or bad faith, dismissal is not an appropriate sanction. *Id.* at 212. Courts *must* assess reasonable expenses and attorney's fees when a party fails to follow a court order. FRCP 37(b)(2)(C) (emphasis added). Sanctions based on "violation of a definite and specific court order" must be shown "by clear and convincing evidence." *United States ex rel. Scott v. Humana Inc.*, 2021 WL 1176264, at *3 (W.D. Ky. 2021) (citing *Grace v. Ctr. For Auto Safety*, 72 F.3d 1236, 1243 (6th Cir. 1996)). This means the order needs to be "clear and unambiguous," with any ambiguity resolved in favor of the persons charged. *Id.*

6

If a Court order has been disobeyed, then the disobeying party shall be sanctioned unless the failure to comply was "substantially justified or is harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transport*, 596 F.3d 357, 369–70 (6th Cir. 2010).

Analysis

In response to the Court's Order to Show Cause, Defendants make two arguments. First, Defendants argue that they have not disobeyed or failed to comply with any Court Order. Defendants' Response to Order to Show Cause and Motion for Protective Order [DN 93] at 1. As explained by the Court's Order to Show Cause, Defendants have, and continue to, violate the Court's Order to answer Plaintiff's Requests for Production 60-62 and 64-66. *See* Order to Show Cause, [DN 92]. In the alternative, Defendants argue that their noncompliance was substantially justified based on their asking for, and not receiving, clarification on what documents were sought that were not yet provided. Defendants' Response to Order to Show Cause, [DN 93] at 1. Defendants' assertions supporting this argument lack credibility.

Defendants incorporate by reference their Response to Plaintiff's Motion for Order to Show Cause of December 1, 2023, [DN 86], and their Response to the Court's Order of December 18, 2023, [DN 89], as evidence of their confusion. *Id.* In their Response to the Show Cause Order, Defendants imply that they were unaware of what Plaintiff meant by "audited" and "unaudited financial statements" and "annual reports." *Id.* at 2. However, in the cited Response to Plaintiff's Motion for Order to Show Cause, Defendants remind the court they have "objected to producing tax returns and annual reports from after 2020 to present." Likewise, Defendants did not raise any such confusion in their initial responses to Plaintiff's First Motion to Compel. [DN 60] at 13. While Defendants did later indicate that the terms audited, unaudited, and annual reports were "incredibly vague, ambiguous, and broad" and that "Plaintiff had never responded

7

with anything specific" when asked to clarify, they now allege they can comply after receiving no more than "internet-based definitions" from Plaintiff. [DN 93] at 2. Defendants cite no such confusion as to their Profit and Loss Statements, instead stating that the Court did not Order the Profit and Loss Statements for Clearview should be provided until its March 29, 2024 Order. *Id.* at 5.

The Court is left with three possibilities to understand Defendants' contradictory filings. First, the Court could find that the Defendants were intentionally disregarding the Court's Orders, manufacturing ambiguity in order to justify their noncompliance once Plaintiff moved for sanctions. Second, the Court could find that Defendants did have legitimate confusion, but raised their objections piecemeal for some strategic purpose. Third, and most charitably, the Court could find that Defendants failed to conduct a basic search of business terms to determine what Plaintiff requested, and now realize they should have moved for a protective order, justifying their delay. Because the Court resolves any ambiguity in favor of the potentially sanctioned party, *United States ex rel. Scott*, 2021 WL at *3, and because sanctions would not serve to secure the "just, speedy, and inexpensive determination" of this proceeding, Fed. R. Civ. P. 1, sanctions will not be levied at this time. However, future failure to timely raise discovery concerns or to follow appropriate procedure will require the Court to reconsider this position.

## CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** Defendants' Motion for a Protective Order, [DN 94]. Defendants shall label each page of the Audited and Unaudited Financial Reports and the Profit and Loss Statements as "CONFIDENTIAL." The parties shall not disclose the contents of those documents or use the documents for any purpose outside of the present litigation.

Defendants are **HEREBY ORDERED** to produce ALL responsive documents pursuant to the Court's Memorandum Opinion and Order compelling discovery, [DN 63], including but not limited to the Audited and Unaudited Financial Reports, Profit and Loss Statements, and Tax Returns for ALL Defendants.  **no later than 7 days from the entry of this order.**

May 14, 2024

**Lanny King, Magistrate Judge**
**United States District Court**